IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RENARD NELSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.

1:06-CV-2564-JEC

CRIMINAL NUMBER.
1:92-CR-125-02-JEC

## ORDER

Defendant Renard Nelson has filed a Motion to Relieve Defendant from the One-Point USSG § 4A1.2 Enhancement in Light of *Shepard v. United States* [187]. This present motion represents defendant's most recent effort to reduce a very lengthy sentence that was imposed on him as a result of his December 2, 1992 conviction for various drug charges and a firearms charge. The docket indicates that the defendant fled prior to his sentencing on the above conviction [125, 126], but was ultimately apprehended and sentenced, on June 1, 1994, by the Honorable Robert H. Hall, to a 262 month sentence on the drug counts and a 60 month consecutive sentence on what appears[1] to be a firearms count (Docket Entry for June 1, 1994).

Following an unsuccessful appeal and other procedural events,

---

[1] This case is so old that many of the docket entries predate implementation of the CM/ECF electronic filing system. Thus, they cannot be retrieved by access to that system.

AO 72A
(Rev.8/82)

the defendant filed his first § 2255 motion. (*See* Order of July 26, 2000[160], denying defendant's § 2255 Motion [hereinafter "§ 2255 Order."] at 3.)[2] This Court was assigned this case following the death of Judge Hall. This Court denied defendant's § 2255 motion, in a thirty-five page Order. One of defendant's arguments, rejected by the Court, was that Judge Hall had erred in applying a one-point enhancement of the defendant's criminal history score, as a result of a state conviction that had been expunged pursuant to Georgia's first offender law. (*Id.* at 19-24.) Defendant attempted to appeal this denial of his § 2255 motion, but the Eleventh Circuit ultimately dismissed the appeal, because defendant had failed to pay the filing fee and had not been granted a certificate of appealability [174].

Thereafter, the defendant filed another pleading titled motion for new trial [171] (attached). The Court denied this motion on November 7, 2003 (Order of November 7, 2003 [186] [hereinafter "New Trial" Order). The Order denying the motion indicated that the defendant was attempting, in part, to challenge some aspect of his sentence, by relying on the Supreme Court's then new *Apprendi* decision. (*Id.* at 2-4.) The Court rejected this effort, noting, in part, that defendant's present motion for new trial was really another motion for § 2255 relief and, as a second § 2255 motion, the

---

[2] The Court has attached a copy of this July 26, 2000 Order, as it was issued before implementation of the CM/ECF system.

2

defendant was required to obtain the consent of the Eleventh Circuit before filing a successive § 2255 petition. (*Id.* at 3.)

Now before this Court is defendant's present Rule 60(b)(5) Motion to Relieve Petitioner of 1-Point 4A.2 Enhancement [187]. Again, the defendant attempts to have the Court undo the one-point enhancement that Judge Hall imposed as a result of defendant's conviction under the Georgia first offender law. Just as this Court previously denied defendant's motion for new trial, concluding, in part, that the motion was just a disguised § 2255 motion that could not be filed without permission of the Eleventh Circuit, the Court likewise concludes that the present Rule 60(b) motion is, in effect, defendant's third § 2255 motion. Again, the defendant must obtain the permission of the Eleventh Circuit to file this motion. Moreover, as the Government notes, the defendant's reliance on *Shepard v. United States,* 125 S.Ct. 1254 (2005) is inapt and offers no support for defendant's argument. Thus, on the merits, the defendant's motion fails.

Accordingly, the Court **DENIES** defendant's Rule 60(b)(5) Motion to Relieve Petitioner of 1 Point § 4a1.2 Enhancement, in Light of *Shepard v. United States,* 125 S.Ct. 1254 (2005).

3

SO ORDERED, this 24 day of October, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)