IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RENARD L. NELSON,<br>Movant, | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: <br> :: <br> :: | CRIMINAL ACTION NO.<br>1:92-CR-125-JEC-LTW-2 |
| UNITED STATES OF AMERICA,<br>Respondent. | :: <br> :: | CIVIL ACTION NO.<br>1:12-CV-452-JEC-LTW |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this 27 day of February, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RENARD L. NELSON,<br>Movant, | ::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:92-CR-125-JEC-LTW-2 |
| UNITED STATES OF AMERICA,<br>Respondent. | ::<br>::<br>:: | CIVIL ACTION NO.<br>1:12-CV-452-JEC-LTW |

## **FINAL REPORT AND RECOMMENDATION**

On June 1, 1994, Movant was sentenced in this Court to 322 months of imprisonment for drug and firearm offenses. (Docs. 130, 131.)[1] Movant's convictions and sentence were affirmed on direct appeal. (Docs. 135, 136.)

On July 26, 2000, the Court denied Movant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docs. 160, 192-1.) Movant argued in his § 2255 motion, among other things, that his sentence was unlawfully enhanced under the U.S. Sentencing Guidelines (the "Guidelines") for a state criminal conviction that was discharged in 2000 under Georgia's first offender law. (Doc. 192-1 at 22-24.) The Court rejected that claim and found that the sentencing enhancement applied to the discharged conviction. (*Id.*)

After his § 2255 motion was denied, Movant filed motions for new trial, which the Court determined effectively constituted another § 2255 motion. (Doc. 165; Doc.

---

[1] Unless otherwise noted, all citations in this Report and Recommendation to the record refer to case number 1:92-cr-125-JEC-LTW.

186; Doc. 192 at 2.) The Court denied those motions. (Doc. 192.) Movant then filed a motion for relief from the Guidelines sentence enhancement for his state criminal conviction that was discharged in 2000. (Doc. 187.) Because Movant was again challenging his sentence in this case, the Court construed his motion as his third § 2255 motion. (Doc. 192.) On October 2006, the Court denied Defendant's motion on the grounds that it was successive and because it lacked merit. (*Id.*)

Almost five years later, Movant, proceeding pro se, filed yet another challenge to the Guidelines sentence enhancement for his state criminal conviction that was discharged in 2000. (Doc. 194.) Movant styled this latest filing as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (the "current motion"). (*Id.*) Respondent opposes the current motion and argues that it should be either denied because Movant is not entitled to relief under 18 U.S.C. § 3582(c)(2) or dismissed as a successive § 2255 motion. (Doc. 196.) In a reply to Respondent's opposition, Movant contends that he is entitled to a writ of error coram nobis under 28 U.S.C. § 1651 and to relief under 28 U.S.C. § 2255(e)'s "savings clause." (Doc. 197.) The Honorable Julie E. Carnes referred Movant's current motion to the undersigned for review and issuance of a report and recommendation. (Doc. 198.)

A sentence cannot be reduced under § 3582(c)(2) unless the Guidelines range used at sentencing "has subsequently been lowered by the [U.S.] Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

§ 3582(c)(2). Movant does not dispute that the Guidelines range applicable at his sentencing has not been lowered. Accordingly, there is no basis under § 3582(c)(2) to reduce his sentence.

There also is no basis for relief under § 2255's savings clause, which requires the § 2255 remedy to be "inadequate or ineffective to test the legality of [the prisoner's] detention," or via a writ of error coram nobis. *See* 28 U.S.C. § 2255(e). "[T]he savings clause does not authorize a federal prisoner to bring . . . a claim, which would otherwise be barred by § 2255(h) [as successive], that the . . . [G]uidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc). Movant's sentence did not exceed the statutory maximum for the drug and firearm crimes for which he was convicted.[2] Movant cannot obtain a writ of error coram nobis because that remedy is only available "when the petitioner has served his sentence and is no longer in custody." *See United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). This Court notes that Movant is still serving his prison sentence.

---

[2] Depending on the quantity of heroin that Movant was convicted of conspiring to import and distribute, he faced a maximum prison term of at least twenty years for each of the four drug counts for which he was convicted and an additional five years for the firearm count, or a total maximum prison term of at least eighty-five years. (*See* Doc. 192-1 at 2); 21 U.S.C. § 841(b)(1) (1990); 21 U.S.C. § 960(b) (1990); 18 U.S.C. § 924(c)(1) (1990). Movant was sentenced to a total of just under twenty-seven years in prison. Thus, Petitioner's sentence did not exceed the statutory maximum. *See United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001) ("When the ultimate sentence does not exceed the aggregate statutory maximum for the multiple convictions, no effect on substantial rights has occurred that must be remedied.").

Despite the styling of his current motion, Movant contends, as he has on numerous prior occasions, that his federal sentence was improperly enhanced based on the old state criminal conviction that ultimately was discharged. (*See* Doc. 194 at 1 (noting that he made this argument against the enhancement at his sentencing in 1994).) Because Movant contends that the Court improperly enhanced his sentence and because there is no basis to reduce the sentence under 18 U.S.C. § 3582(c)(2) or other law, Movant's current motion is properly construed as a § 2255 motion.[3] *See Castro*, 540 U.S. at 381-82 (noting that federal courts may recharacterize pro se litigant's filings "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"); *Gonzalez*, 366 F.3d at 1260 ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack."). The motion is successive because of Movant's prior § 2255 filings. (*See* Docs. 192, 192-1.)

District courts do not have jurisdiction to entertain a successive § 2255 motion unless the movant first obtains permission from the applicable appellate court, here the U.S. Court of Appeals for the Eleventh Circuit, to file the motion. 28 U.S.C.

---

[3] The Court may recharacterize Movant's current motion as a § 2255 motion without first notifying him because notification is required only when a filing is recharacterized as a prisoner's *first* § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion."); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1277 n.10 (11th Cir. 2004) ("The *Castro* decision does not extend beyond initial filings . . . ."). This is not Movant's first § 2255 motion. (*See* Doc. 144.)

4

§ 2255(h); *see* 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place."). There is no indication that Movant has applied for permission to file another § 2255 motion, much less obtained it. Movant cannot evade the restrictions on successive § 2255 motions "by the simple expedient of labeling second or successive filings to be something they are not." *See Gonzalez*, 366 F.3d at 1277 n.10. Indeed, this Court has dismissed filings disguised as motions for reduction of sentence under § 3582 as successive § 2255 motions. *See* Order, *United States v. Lockhart*, No. 1:90-cr-223-CC (N.D. Ga. Oct. 6, 2004), *aff'd*, 140 F. App'x 883, 884-85 (11th Cir. 2005) ("Because [movant] sought a modification of his sentence that did not comport with § 3582(c), the only statute that may have accorded him relief was § 2255.").

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion for relief [194] be **DISMISSED** as a successive § 2255 motion over which the Court lacks jurisdiction. **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that Movant cannot obtain the relief he seeks without first obtaining permission from the Eleventh Circuit to file a successive § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*,

529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 24 day of February, 2012.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE